**Weldon R. RETZLAFF and Mary E. Retzlaff**

v.

**INTERNAL REVENUE SERVICE and Hector delaRosa, Officer.**

**Civ. A. No. B–88–01105–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 28, 1989.

Weldon R. Retzlaff, Mary E. Retzlaff, Orange, Tex., pro se.

Louise P. Hytken, Dept. of Justice, Tax Div., Dallas, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

In this action, the plaintiffs allege various violations of their constitutional rights from the sale of their property on May 21, 1985, by defendant Hector de la Rosa, IRS agent.

This motion to dismiss was filed on December 8, 1988, and was never responded to by the plaintiffs. Plaintiffs did file a motion for extension to answer the motion pending the court's ruling on their motion to remand the case to state court. However, the court issued order denying the motion to remand on March 31, 1989.

Taking all of the circumstances into consideration, the court finds that the plaintiffs have failed to respond within ten days allowed by Rule 6(e), Local Rules for the Eastern District of Texas, adopted October 14, 1987. The court finds that the plaintiffs have had ample time to respond to the government's motion and thus failed to do so either by themselves or through an attorney. After having considered the government's motion, the court finds that the plaintiffs have failed to state a claim for which relief may be granted.

Furthermore, plaintiffs have not overcome the presumption of qualified immunity for government agents. Merely alleging in their complaint that Mr. de la Rosa was acting in his individual capacity does not overcome the presumption.

In cases alleging violations of constitutional rights, specific facts must be averred in support of the claim. *Blinder, Robinson & Co. v. S.E.C.*, 748 F.2d 1415, 1419 (10th Cir.1984) *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). Here the plaintiffs' complaint does not contain any specific allegation of unconstitutional conduct by the defendant and the only specific allegations against the defendant relate to his carrying out of his official and mandated duties.

Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

Therefore, it is, ORDERED, ADJUDGED and DECREED that plaintiffs' action is DISMISSED without prejudice.